**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 15, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 05-40088
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                                                        Plaintiff-
                                    Appellee,

                        versus

ANTHONY LOUIS EATON,

                                                                        Defendant-
                                    Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CR-136-1
----------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

        Anthony Louis Eaton pleaded guilty to possession of an unregistered firearm and was

sentenced to 37 months of imprisonment, two years of supervised release, and a $100 special

assessment. Eaton argues on appeal that under *United States v. Booker*, 125 S. Ct. 738 (2005), the

district court violated his Sixth Amendment rights when it increased his offense level by two levels

---

        [*]
  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and
is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

due to his use of a destructive device and when it increased his offense level by four levels due to his use of a firearm in connection with a felony based on facts that were not admitted by him or found by a jury. Eaton preserved this issue by arguing in the district court that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004). *See United States v. Akpan*, 407 F.3d 360, 376 (5th Cir. 2005).

Eaton admitted the facts underlying the two-level increase in his offense level for possession of a destructive device when he pleaded guilty to possessing a destructive device as stated in the indictment and when he signed an agreed stipulation, which was admitted without objection at rearraignment, stating that he knowingly possessed a destructive device, "identified as an incendiary bomb" under 26 U.S.C. § 5845(f). However, because he did not admit the facts underlying the four-level increase in his offense level for use of a firearm in connection with a felony, the district court committed error under *Booker* when it made this increase. *See Booker*, 125 S. Ct. at 755-56. The Government concedes that it cannot meet its "burden of showing that the error was harmless beyond a reasonable doubt." *See United States v. Pineiro*, 410 F.3d 282, 285 (5th Cir. 2005). Accordingly, Eaton's sentence is VACATED, and the case is REMANDED FOR RESENTENCING. *See id*. at 285-87.

Eaton also argues that the district court erred in determining that under the Sentencing Guidelines, his sentence should be increased for his use of a firearm in connection with another felony offense. However, because this case is remanded for sentencing under *Booker*, this court need not address this issue. *See Akpan*, 407 F.3d at 377 n.62.

VACATE SENTENCE; REMAND FOR RESENTENCING.